IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE LYNN WHITE,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:17-cr-00448-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) [ECF No. 30.] Defendant requests that the court release her from custody due to Covid-19 and her underlying health conditions. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Pursuant to General Order 20-019, the United States filed an opposition to Defendant's Motion [ECF No. 33.] and the United States Probation Office filed a recommendation that the court deny the Motion. Defendant did not file a reply in support of her Motion and the time for doing so has passed.

On June 14, 2017, Defendant pleaded guilty to Conspiracy to Commit Mail Fraud and one count of Money Laundering [ECF No. 9.] These convictions stemmed from Defendant's participation in a fraudulent telemarketing scheme. [ECF No. 20.] Pursuant to her plea agreement [ECF No. 20], the court sentenced her to be imprisoned for 36 months, to be followed by a term

1

of supervised release of 36 months with numerous conditions attached. [ECF No. 24.] Thus, as of the date of this Memorandum Decision and Order, Defendant has served two years, one month, and eight days of her prison term (70%). Defendant's projected release date is May 13, 2021.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that she is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). Defendant argues that her Rheumatoid Arthritis and medication expose her to a greater risk of contracting Covid-19 and experiencing serious symptoms. Accordingly, Defendant argues, her condition satisfies the section 3553(a) factors.

The United States Sentencing Guidelines include a note that specifies what types of medical conditions qualify as "extraordinary and compelling." In relevant part, guidelines state that the "extraordinary and compelling" standard is met if the defendant is "suffering from a serious physical or medical condition. . . that substantially diminished the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." United States Sentencing Guideline § 1B1.13, cmt. n.1(A)(ii). In this case, Defendant has not met this standard.

Defendant is being held at FCI Dublin. It appears that the BOP at FCI Dublin is handing the Covid-19 pandemic well and that Defendant is receiving adequate care while incarcerated there. In fact, FCI Dublin currently has no active cases of Covid-19 among the staff or the inmates. Thus, the court is not persuaded that Defendants "[R]heumatoid arthritis is the type of

serious medical condition that the Sentencing Commission has deemed worthy of compassionate release. . . [W]hile the immunosuppressant [s]he takes may increase [her] risk, that risk is mitigated by the BOP's active management of [her] care and routine COVID-19 testing." *United States v. Haywood*, No. 216CR00296JADPAL2, 2020 WL 3621309, at *2 (D. Nev. July 2, 2020). Indeed, the fact that FCI Dublin has managed to operate its facilities while maintaining zero active cases despite the current outbreak is evidence that Defendant's situation is not compelling or extraordinary.

For the foregoing reasons the Defendant's Motion [ECF. No. 30] is DENIED.

DATED this 30th day of November, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge